UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD THIGPEN,

                      Petitioner,              Case No. 2:20-cv-10256
                                                      Hon. Denise Page Hood
v.

WARDEN HEMINGWAY,

                      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Federal prisoner Richard Thigpen, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the conditions of his confinement, alleging that Bureau of Prisons ("BOP") personnel used abusive language directed at him while he was working in the prison food service unit. For the reasons stated below, the case will be summarily dismissed without prejudice.

I. Legal Standard

The Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. Rule 4, Rules Governing § 2254 Cases. Rule 4 permits the Court to dismiss a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999); Rule 1(b), Rules Governing Section 2254 Cases (providing that district court may apply Rules Governing Section 2254 Cases, such as Rule 4, to habeas petitions brought under § 2241); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by Petitioner do not warrant habeas relief.

II. Discussion

Petitioner alleges that he is being subject to verbal abuse by prison personnel. Section 2241 is not a vehicle for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits. *See Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir.1979); *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013). A district court should dismiss a § 2241 claim challenging prison conditions without prejudice so that the federal prisoner could re-file a civil action under claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971)). Because the

federal government is not subject to suit under 42 U.S.C. § 1983, conditions-of-confinement claims by a federal prisoner is properly brought in a civil action under *Bivens*. *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 931 (6th Cir.1987); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Petitioner's condition of confinement claim does not implicate the fact or duration of his confinement. As a result, the habeas petition under § 2241 is legally insufficient on its face.

III. Conclusion

Accordingly, the petition (ECF No. 1) is **DISMISSED** without prejudice. The Court denies Petitioner leave to proceed on appeal in forma pauperis because any appeal would be frivolous. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Denise Page Hood
Hon. Denise Page Hood
Chief United States District Judge

Dated: April 13, 2020